IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


ISAAC RUSSELL                                            PETITIONER


vs.              Civil Case No. 5:07CV00167 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Now before the court is Respondent's Motion to Dismiss this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Isaac Russell, an inmate of the Arkansas Department of Correction. The court set forth the procedural history of this case in a partial recommended disposition filed on August 8, 2007, and it will not repeat that history here, except where necessary. Respondent seeks dismissal of the present petition based on

2

Petitioner's failure to exhaust because of the pending appeal of the order denying state habeas corpus relief.  Petitioner has replied to the Motion to Dismiss, asking the court to find that he has exhausted state remedies because he believes the appeal was improperly filed since the Arkansas Supreme Court case number is not the same as his circuit court criminal case number and it does not indicate whether it is a criminal or a civil case (DE #8).

In its previous recommended disposition, the court noted that it appeared Petitioner had sufficiently exhausted his issues in the state court by raising them in his Rule 37 proceeding and that the exhaustion doctrine did not require him to file repetitious pleadings.  Respondent has renewed his Motion to Dismiss, arguing that, if Petitioner is allowed to proceed in state court, there is at least some chance he could be afforded some relief, which potentially could require that his case be remanded to circuit court for further proceedings.  I find there is no need to dismiss the petition for failure to exhaust, and that it would be inappropriate to hold the case in abeyance, because Petitioner's claims have no merit.  See Rhines v. Weber, 544 U.S. 269, 277 (2005)(holding a district court abuses its discretion if it stays a petition where the unexhausted claims have no merit and citing 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the

applicant to exhaust the remedies available in the courts of the State")).

As stated in the prior recommended disposition, Petitioner alleges the following grounds for relief in his petition:

> 1.  Counsel was ineffective because he did not challenge Petitioner's warrantless arrest;
>
> 2.  His conviction was obtained by an unlawful trial and illegal arrest because there was no arrest warrant or any other charging instrument at the time he was arrested;
>
> 3.  His conviction was obtained through prosecutorial misconduct in that he was unlawfully prosecuted without probable cause and without an arrest warrant; and
>
> 4.  He was denied a fair and impartial trial in that a police detective testified he had obtained a warrant for his arrest, but the trial judge did not require the State to produce the document.

Petitioner has filed several motions to amend, one of which (DE #10) was denied in the District Court's Order adopting the previous recommended disposition. On August 20, 2000, Petitioner requested to file an amended petition (DE # 13) to add the allegation that

> [t]here was no charging instrument filed when Petitioner was arrested on 7-30-03.  There weren't any witness[es] nor a complaint or arrest warrant.  The information was not filed until Sep-3-03.  The arresting officer didn't have the authority to arrest Petitioner. Petitioner turned himself in only because the arresting officer alleged that he had a warrant for my arrest.   The arresting officer told Petitioner's sister that he had a warrant for my arrest.   Petitioner's sister told Petitioner that the police had a warrant for my arrest. The arresting officer testified that he tried to locate me at my sister's house.

D.E. #13, p. 5.

4

He also filed a Motion to Supplement Argument (DE # 22), a "Continuance of Request to Supplement Argument" (DE #23) and a "Reequest to Add to the continuance of Supplemented Argument" (DE #24) to assert that he is actually innocent of the charges because, since there was no arrest warrant at the time of his arrest, his arrest was invalid and since no complaint was ever filed against him the trial court never had proper jurisdiction over him.  The court interprets  DE #'s 13, 22, 23 and 24 as motions to amend and hereby grants the motions.

I.

All of Petitioner's allegations center around his allegation that he was not arrested pursuant to an arrest warrant.  Petitioner raised the same allegations in his Rule 37 petition.  The trial court made the following findings:

> Detective Mickey Shuetcle testified at trial that he obtained a warrant for the defendant's arrest on April 28, 2003, the day after the offense occurred.  He further testified that the defendant surrendered himself on July 30, 2003, at which time the warrant was served.  The Arrest Disposition Report contained in the case file reflects the defendant was arrested on warrant #43022 and the matter was to be heard in "NLRMC".  The defendant's requests for relief based on the alleged lack of an arrest warrant or irregularity of the bench warrant are without merit.  "A challenge to the validity of an arrest is not cognizable under Rule 37."  Gunn v. State, 291 Ark. 548, 726 S.W.2d 278 (1987).  The defendant's contention regarding the non-existence of an arrest warrant is a bare allegation, which does not warrant post-conviction relief.  No statement made by the defendant or other evidence obtained following his

allegedly illegal arrest was introduced at trial, and he has failed to demonstrate any prejudice.

Attachment to Petition, p.p.3-4.

As this court noted in its previous recommended disposition, an illegal arrest does not invalidate a subsequent conviction, unless the circumstances are so egregious as to shock the conscience. <u>Davis v. Muellar</u>, 643 F.2d 521 (8th Cir.) <u>cert</u>. <u>denied</u>, 454 U.S. 892 (1981), citing <u>Gerstein v. Pugh</u>, 420 U.S. 103, 119 (1975); <u>Frisbie v. Collins</u>, 342 U.S. 519, 72 S.Ct. 509 (1952); <u>Pruitt v. Hutto</u>, 542 F.2d 458, 459 (8th Cir. 1976).  None of Petitioner's assertions rise to this level.  Petitioner is not entitled to relief on ground two.


II.

Petitioner has provided no factual support for ground three, that the prosecutor engaged in misconduct by prosecuting him without there having been a valid arrest, and the court finds it is merely an attempt to cloak his invalid arrest argument in constitutional terms.  Ground four goes merely to the credibility of a witness and is, again, an attempt to raise his argument to the level of a constitutional violation.  Petitioner is not entitled to relief on grounds three and four.

III.

Petitioner's ground one is that counsel was ineffective for failing to challenge his warrantless arrest.  The Rule 37 court specifically addressed this claim and denied it on the merits.  Federal habeas relief may not be granted on any claim addressed on the merits by a state court, unless the petitioner can establish the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law ... or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1) and (2).

> '[A]n unreasonable application of [the Supreme Court's] precedent' occurs 'if the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts.' Williams v. Taylor, 529 U.S. 362, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J.).  To be unreasonable, the state court's application of Supreme Court precedent 'must have been more than incorrect or erroneous.' Wiggins v. Smith, 539 U.S. 510, 520-21, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).  Rather, the application 'must have been objectively unreasonable.' Id. (internal quotation omitted).

Garcia v. Mathes, 474 F.3d 1014, 1017 (8th Cir. 2007).

The standard for evaluating a claim of ineffective assistance of counsel was established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and requires a petitioner establish both deficient performance on counsel's part and resulting prejudice.  Counsel's performance is deficient only if it is shown that he or she "made errors so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment," _id._, and prejudice is shown only where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," _id._ at 694.

The only assertion of prejudice the court can glean from Petitioner's filings is that he would not have surrendered to the police if he had known they did not have an arrest warrant.  As the state court noted, no statement by him or other evidence was introduced against him at trial.  I find the state court's denial of relief on Petitioner's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of Supreme Court precedent.  Petitioner is not entitled to relief on ground one.

As for Petitioner's claim of actual innocence, it has long been established that such a claim is not a free-standing substantive basis for habeas relief.  _Herrera v. Collins_, 506 U.S. 390, 404 (1993).  It may only be asserted as a "gateway" through which a petitioner must pass before the court may consider procedurally defaulted claims, absent a showing of cause and prejudice.  _Schlup v. Delo_, 513 U.S. 298, 324 (1995).  Since procedural default is not an issue in this petition, Petitioner's assertion of actual innocence has no relevance to this case.

IV.

Petitioner has also filed a Motion for Default Judgment (DE # 18).  Default judgments are not favored by the law and decisions regarding the entry of a default judgment are left to the discretion of the trial court.  See <u>United States v. Harre</u>, 983 F.2d 128, 129 (8th Cir. 1993).  Rule 55 of the Federal Rules of Civil Procedure provides for "entry of default" where "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Petitioner is not entitled to a default or a default judgment in this matter, because Respondent has not "otherwise [failed to] defend as provided by these rules," since he filed a motion to dismiss within the time required in the court's Order.  See <u>Evans v. No. 15323</u>, 226 F.2d 750, 753 (8th Cir. 1955)(finding defendant was not in default since it had filed a motion to dismiss).  The Motion for Default Judgment is denied.

Respondent's Motion for an extension of time  (DE # 14) is denied as moot.  Petitioner's Motion for Appointment of Counsel (DE #3) is denied.  Petitioner's Motions to Amend (as interpreted by this court), DE #'s 13, 22, 23 and 24 are hereby granted.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

Respondent's Motion for an extension of time  (DE # 14) is denied as moot.  Petitioner's Motion for Appointment of Counsel (DE

#3) and Motion for Default Judgment (DE # 18) are denied. Petitioner's Motions to Amend (as interpreted by this court), DE #'s 13, 22, 23 and 24 are hereby granted.

SO ORDERED this 25th day of October, 2007.

_Henry L. Jones, Jr._
United States Magistrate Judge